IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                   CIV 11-0271 MCA/KBM

ROBERT LEE NICK,

        Defendant.

# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

        THIS MATTER is before the Court on Robert Nick's motion seeking habeas relief under 28 U.S.C. § 2255.[1] Because the pleadings and the record conclusively establish that Defendant is not entitled to relief, an evidentiary hearing is not necessary.[2] I recommend that the petition be denied and this action dismissed with prejudice.

---

[1] Unless otherwise noted, citations to "*Doc*." are the documents filed in this civil action. Although the federal form for initiating a § 2255 action is captioned "motion," as is the common practice both in this Court and the Tenth Circuit, I refer to the document as a "petition." *See e.g., United States v. Jackson,* 2011 WL 2678720 at *1 (10th Cir. 2011) (case from this district; "§ 2255 petition"); *United States v. Silva,* 2011 WL 1880981 at * 1 (10th Cir. 2011) (same).

[2] *See* 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."); Rule 8(a), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS ("If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."); *see also e.g. United States v. Moreira,* 416 Fed. App'x 803, 808 (10th Cir. 2011) (where none of the claims have merit, district court does not abuse discretion in electing to not hold an evidentiary hearing) (citing § 2255 and *United States v. Lopez,* 100 F.3d 113, 119 (10th Cir. 1996)).

Defendant and his estranged wife, Yvette Santifer, were partners in the trucking business. Officers at the port of entry in Gallup, New Mexico stopped Defendant for a safety inspection and discovered more than 500 pounds of marijuana hidden in the trailer of the truck Defendant was driving. The trailer was padlocked, but not sealed. A grand jury indicted Defendant and another for conspiring to distribute and possession with intent to distribute the drugs. A jury acquitted Defendant of the conspiracy charge, but convicted him of the possession charge, and he is presently serving a prison sentence of sixty months. *E.g., Doc. 1* at 1; *United States v. Nick,* 398 Fed. App'x 404, 405 (10th Cir. 2010), *cert. denied,* 131 S. Ct. 1536 (2011).

The United States pursued a multi-faceted circumstantial evidence case. One of the points the United States made was that Defendant was in possession of the key to the lock. Ms. Santifer believed other keys to the lock existed and, though the United States and defense counsel asked her to produce them, she did not do so either before trial or contemporaneously with her testimony. Instead, at trial she testified that the other keys her son located were en route via overnight mail. The defense rested its case before the keys appeared. Just before the defense closing argument, defense counsel informed presiding District Judge M. Christina Armijo that the package arrived containing four keys, and asked her to reopen the evidence. Judge Armijo allowed counsel to demonstrate that one of the keys in fact opened the lock, but declined to reopen the evidence. She also denied the subsequent defense motion for a new trial, and motion to reconsider that denial. *E.g., id.* at 406-07.

Judge Armijo set forth several reasons why she denied the motions, including that:

> this additional evidence is not so novel, material, or important to the case that it would likely produce an acquittal on the charge for which the jury reached a guilty verdict in the first trial. Rather, the second key merely adds to the evidence that the defense already presented concerning an issue that was not central to the Government's case. . . .

. . . defense witnesses already testified at the first trial about the likelihood that there were other keys for the lock to the trailer. Indeed, Ms. Santifer testified that she did not know whether the trailer was even locked during the time it was stored in Compton, California, and there was testimony that someone else's belongings . . . had been placed in the trailer after it was loaded with celery in Oxnard, California. By the time the trailer reached Officer Smid at the Gallup port-of-entry, all that the officer could say about the key to the trailer lock was that Defendant retrieved it from a ring of keys that was in the tractor-trailer rig's ignition at the time of his inspection. Such testimony does not necessarily exclude the possibility that other persons were in possession of, or had access to, that same ring of keys since the time the celery was loaded into the trailer a few days earlier. The jury was free to explore all of these potentially exculpatory inferences at the end of the first trial, and Defendant's counsel was free to point them out in his closing argument. Thus, . . . the additional evidence proffered in Defendant's motion for a new trial is "at best, cumulative of other, more powerful evidence revealed to the defense [before trial] and used by it" to draw exculpatory inferences.

. . . the production of an additional key to the trailer lock under the conditions set forth in Defendant's post-trial proffer would not, in any sense, compel the jury to make such exculpatory inferences, nor would it render unreasonable the contrary inferences suggested by the prosecutor in his closing argument. Recognizing the possibility that other persons could have accessed the ring of keys in the tractor-trailer rig's ignition or a second key under the scenarios presented above, the Government was not relying on Defendant's possession or use of the key to the trailer lock while at the port of entry as the central piece of evidence on which to infer Defendant's knowing possession of the trailer's illegal payload. On the contrary, the Government relied on the evidence of Defendant's use of a false identity, or concealment of his true identity, as circumstantial evidence of guilty knowledge. . . . Along the same lines, the Government offered evidence of false or improper logbook entries, the unexplained irregularities in the side trip to Compton, California, and the subsequent efforts by Defendant and Ms. Santifer to conceal the existence of that trip.

\* \* \* \* \*

> The Defendant's motion attempts to refute these findings by pointing to the length of the jury deliberations as evidence that this was a close case in which evidence of an additional key probably would have made the difference. What Defendant's motion papers ignore, however, is the fact that the jury had to deliberate on a conspiracy charge in addition to the charge of possessing a controlled substance with intent to distribute it. While the evidence required to reach a guilty verdict on the possession charge was relatively straightforward, the strength of the Government's case on the additional elements required to prove the conspiracy charge was understandably diminished by the Court's decision to sever the charges against the Co-Defendant who absconded and was a fugitive at the time of Defendant's trial. This severance, and the parties' apparent reluctance to pursue further evidence of the Co-Defendant's involvement with the marijuana (either for purposes of shifting culpability or establishing a conspiracy), provide a likely explanation for the length of the jury's deliberations and the acquittal on the conspiracy charge.

*United States v. Nick,* CR 08-0052 MCA (Doc. 148 at 12-14).

In the defense motion to reconsider, counsel asserted that he did not believe Ms. Santifer's testimony that the keys were in overnight mail. Judge Armijo accepted the defense representation but it did not change her conclusion for several reasons, including that counsel's assertion focused only on one of several elements to her reasoning. *See id.* It did not address the above-quoted reasons, and so Judge Armijo reiterated her

> prior conclusion that if the additional key to the trailer's padlock were introduced at a new trial in the form suggested by Defendant's latest proffer, this additional evidence is not so novel, material, or important to the case that it would likely produce an acquittal on the charge for which the jury reached a guilty verdict in the first trial. Rather, the second key merely adds to the evidence that the defense already presented concerning an issue that was not central to the Government's case.

*Id.* at 2-3; *see also id.* at 4-5 (reiterating portions of initial quote above).

On direct appeal, the Tenth Circuit affirmed Judge Armijo's denial of the motion to

reopen the evidence and the motions concerning a new trial. Among other things, it concluded that:

> . . . Mr. Nick failed to show that the second key would be admissible. While he asserts that Ms. Santifer was still available and could have been recalled to testify about the key, she was not the person who found it, so she could not explain where it was found, who found it, and where it had been for all of the time leading up to the trial. In addition, she was not even the person who brought it to the courthouse. Therefore, she could not provide an adequate foundation concerning the origins of the key to permit its admission into evidence. In sum, even if the court erred in selecting the controlling legal standard to adjudicate Mr. Nick's motion for a new trial, the second key would not have been admissible and thus any such error was harmless.
>
> Furthermore, although the second key's inadmissibility is determinative in itself, we note that the district court quite reasonably concluded that the key was not central to the government's case and its admission would not have been material— *viz.,* its admission would not have affected the outcome of the trial. Both defense witnesses, Mr. Patrick and Ms. Santifer, testified about the possibility of a second key's existence; therefore, this information was before the jury and it was free to draw exculpatory inferences from it. Moreover, the district court provided several specific reasons why the key was merely impeaching, rather than compelling, evidence, and why the key was peripheral to the central focus of the case. In sum, irrespective of any error by the district court in the choice of a legal standard, we conclude that the district court's order denying Mr. Nick's motion for new trial should not be disturbed.

*Nick,* 398 Fed. App'x at 414.

    In his petition, Defendant asserts four separately-numbered claims. All of them are based on allegations of ineffective assistance of counsel, though one also makes an assertion of prosecutorial misconduct. *See* Doc. 1 at 4-8. As is clear from the "traverse" Defendant filed, however, all of his claims rest exclusively on the belated production of the additional key to the lock. The prosecutorial misconduct claim is based on the assertion that the United States was

not "diligent" in trying to obtain the "additional keys from Ms. Santifier (sic)." *Doc. 13,* at 4; *see also id.* at 3-5. Defendant maintains that had "counsel presented the evidence of other keys that all drivers possessed, the outcome of the proceedings would have been different," *Doc. 1* at 7; *see also id.* at 8 (same), and that he was "prejudiced" by the way counsel handled the belated key at trial and on appeal, *id.* at 4, 5.

Under *Strickland v. Washington,* 466 U.S. 668 (1984), Defendant must demonstrate that counsel's conduct was constitutionally deficient and that but for the conduct, the result of the proceeding would have been different. Failure to make either showing defeats the claim. *E.g., Smith v. Robbins,* 528 U.S. 259, 286, n.14 (2000); *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *United States v. Rushin,* 642 F.3d 1299, 1306-09 (10th Cir. 2011). The prosecutorial claim here has a similar "prejudice" component – to warrant habeas relief, prosecutorial misconduct must have so infected the trial that "the resulting conviction constitutes a denial of due process." *E.g., Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974); *United States v. Fabiano,* 42 Fed. App'x 408, 413 (10th Cir. 2002) (citing *Fero v. Kerby,* 39 F.3d 1462, 1473 (10th Cir. 1994), *cert. denied,* 515 U.S. 1122 (1995)).

Contrary to what I believe the United States may be suggesting, *see Doc. 11* at 6, 9, ineffective assistance of counsel claims can be raised for the first time in a § 2255 petition, and are not defaulted simply for failing to raise them on direct appeal.[3] However, when issues "cloaked in the guise of an ineffective assistance claim," are "the same issue decided on direct

---

[3] *See, e.g., United States v. Smith,* 2008 WL 55996 at *2, n.1 (10th Cir. 2008) ("The rule in this circuit, then, is that claims of constitutionally ineffective counsel should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255. Some rare claims which are fully developed in the record may be brought either on direct appeal or in collateral proceedings. No procedural bar will apply to claims which could have been brought on direct appeal but were brought in post-conviction proceedings instead.") (citing *Massaro v. United States,* 538 U.S. 500, 504-09 (2003), and *United States v. Galloway,* 56 F.3d 1239, 1242 (10th Cir. 1995) (*on rehearing en banc*)).

appeal," they "cannot be raised again in a § 2255 motion."[4] The Tenth Circuit's analysis above found no prejudice. Even if that decision is not given preclusive effect, the analyses set forth by both Judge Armijo and the Tenth Circuit are completely persuasive and I find no reason to depart from them. Those reasons are wholly dispositive of the relevant prejudice inquiries, and the lack of prejudice is wholly dispositive of the § 2255 petition.

Wherefore,

**IT IS HEREBY RECOMMENDED** that the § 2255 petition be denied and this action dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

---

[4] *United States v. Anderson,* 17 Fed. App'x 855, 858 (10th Cir. 2001) (citing *United States v. Cox,* 83 F.3d 336, 342 (10th Cir. 1996)); *see also United States v. Davis,* 406 F.3d 505, 511 (8th Cir. 2005) ("We find the present claim to be the same claim in different clothes, and we will not reconsider the issue on collateral review."), *cert. denied,* 546 U.S. 1117 (2006); *Galloway,* 56 F.3d at 1242-43 ("No procedural bar will apply to claims which could have been brought on direct appeal but were brought in post-conviction proceedings instead. And, the fact that an ineffectiveness claim is raised and adjudicated on direct appeal will not procedurally bar an ineffectiveness claim in a proceeding under 28 U.S.C. § 2255, where new reasons are advanced in support of that claim. It should go without saying that the *identical* reasons in support of ineffectiveness cannot be litigated twice. That is prevented by the doctrine of issue preclusion.").